# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Martha Maria Meyer, | ) | |
|                 Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 8:16-cv-03310-JMC |
| | ) | |
| Nancy A. Berryhill, | ) | **ORDER AND OPINION** |
| Acting Commissioner of Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
|                 Defendant. | ) | |
| | ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 17), recommending that the Commissioner's Decision be reversed and remanded. For the reasons stated below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 17).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Report (ECF No. 17) is accurate, and the court adopts this summary as its own. The court will only recite herein procedures pertinent to the court's review of the Report (ECF No. 17). On January 4, 2018, Magistrate Judge Jacquelyn D. Austin filed the Report (ECF No. 17), and on January 18, 2018, the Commissioner timely filed an Objection (ECF No. 18). Plaintiff did not reply to the Commissioner's Objection (ECF No. 18).

## II. JURISDICTION

The court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g) which gives the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn Colvin as the named defendant because she became the Acting Commissioner of Social Security on January 23, 2017.

1

court jurisdiction over a review of a final decision of the Commissioner of Social Security.

## III. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3). Additionally, pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he [court] may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."

"Although this court may review parts of the Magistrate Judge's [Report] *de novo*, judicial review of the Commissioner's final decision regarding disability benefits 'is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied.'" *Sherby v. Astrue*, 767 F. Supp. 2d 592, 594 (D.S.C. 2010) (citing *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002)). "It is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if h[er] decision is supported by substantial evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Pursuant to 42 U.S.C. 405(g), the court may affirm, modify, or reverse the Commissioner's decision, with or without remanding the cause for a rehearing.

## IV. ANALYSIS

The Administrative Law Judge ("ALJ") determined that Plaintiff has two (2) severe

impairments, a mood disorder and an anxiety disorder. (Tr. 17.)[2] The ALJ also determined that Plaintiff's mental condition has resulted in "mild limitations in her activities of daily living, moderate limitations in her social functioning, and moderate limitations in concentration, persistence, and pace." (Tr. 18.) Ultimately, after considering the entire record, including Plaintiff's limitations, the ALJ determined that Plaintiff had a residual functional capacity ("RFC") "to perform a full range of work at all exertional levels but with the following nonexertional limitations: understanding, remembering, and carrying out simple instructions with no ongoing public interaction." (*Id.*)

The Commissioner specifically objects to the Report's "[erroneous conclusion] that remand is warranted because the ALJ impermissibly relied on the Medical-Vocational Guideline ("Grids") in finding Plaintiff not disabled."[3] (ECF No. 18 at 1.) The Commissioner asserts that ". . . an ALJ may rely on the Grids provided the additional limitations do not cause significant erosion of the occupational base." (ECF No. 18 at 2.) Moreover, the Commissioner asserts that "[t]he ALJ clearly explained why, despite Plaintiff's limitations to understanding, remembering, and carrying out simple instructions, with no ongoing public interaction, such limitations had little or no effect on the occupational base." (*Id.*)

Plaintiff only has nonexertional limitations, therefore, the ALJ cannot solely rely on the Grids in determining at step five of the evaluation whether there are a significant number of jobs

---

[2] There is no electronic copy of the transcript of the proceedings before the ALJ, therefore, citations to the transcript will not have an ECF number.

[3] The Magistrate Judge only addressed Plaintiff's assertion that the Commissioner did not carry her burden at step five because the ALJ solely relied on the grids and did not obtain vocational expert testimony. Because the Magistrate Judge determined that the Commissioner did not carry her burden at step five and that was a sufficient basis for remand, she declined to address the rest of Plaintiff's assertions. These issues will be addressed on remand. (ECF No. 17 at 23.)

that Plaintiff can perform given her RFC, but the ALJ can use the Grids as a guideline. *See* 20 C.F.R. § 404.1569a(c)(2); *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985) (the Grids are inadequate to describe "[a] claimant who suffers from a disability present in the absence of physical exertion.").[4] The key inquiry as to the applicability of the Grids is ". . . whether the nonexertional condition affects an individual's RFC to perform work of which he is exertionally capable." *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989) (construing *Grant v. Schweiker*, 719 F.2d 723, 725 (4th Cir. 1984)).

In determining Plaintiff's RFC, the ALJ considered Plaintiff's limited medical treatment for her mental health conditions (Tr. 19), her ability to perform several daily living activities independently (Tr. 20), and weighed the medical opinions of Plaintiff's doctors and state agency medical consultants (Tr. 20-24). Based on this analysis, the ALJ limited Plaintiff to understanding, remembering, and carrying out simple instructions with no ongoing public interaction. (Tr. 18.) However, after this analysis and taking into consideration Plaintiff's limitations, the ALJ states in a conclusory manner that Plaintiff's limitations would not preclude unskilled work.[5] (Tr. 25.)

This case is similar to *Phillips v. Astrue*, where the plaintiff suffered from a "severe mental impairment of depression and ha[d] mild to moderate difficulties in the area of social functioning and moderate difficulties with regard to concentration, persistence and pace." 2012 WL 3765184, at *3 (D.S.C. June 11, 2012), *report and recommendation adopted*, No. 4:11-CV-01018-JMC,

---

[4]*See also* SSR 85-15, 1985 WL 56857, at *4 (Jan. 1, 1985) ("[W]here a person has solely a nonexertional impairment(s), the table rules do not direct conclusions of disabled or not disabled. Conclusions must, instead, be based on the principles in the appropriate sections of the regulations, giving consideration to the rules for specific case situations in [the Grids].")

[5] The ALJ and the Commissioner both cite to Social Security Ruling 85-15 for the proposition that the limitations on interacting with other people would not preclude unskilled work which "primarily involves working with objects rather than people." 1985 WL 56857, at *4; (ECF No. 18 at 2); (Tr. 25.)

2012 WL 3775968 (D.S.C. Aug. 30, 2012). The *Phillips* court held that "[m]oderate difficulties in maintaining social functioning or concentration, persistence or pace, would obviously affect the occupational base[ ] for unskilled work, precluding reliance on the Grids to direct a finding of not disabled." [6] *Id.* at *4.

The ALJ did not provide a definitive explanation as to the connection between Plaintiff's specific limitations and the erosion of the occupational base, outside of stating that Plaintiff's social interactions would not preclude unskilled work because unskilled labor primarily deals with "objects rather than people." (Tr. 25.) However, Plaintiff also has other limitations, mainly limitations in concentration, persistence and pace. (Tr. 18.) In making his conclusions regarding whether Plaintiff's limitations would preclude unskilled work, the ALJ in effect became a vocational expert. *See Bonds v. Astrue,* No. 6:07-1135-JFA-WMC, 2008 WL 2952446, at *6 (D.S.C. July 29, 2008) (citing *Chapa v. Astrue*, No. 2:05–CV–0253, 2008 WL 952947, at *6 (N.D. Tex. April 8, 2008) (in finding that the plaintiff's nonexertional impairment limited the plaintiff to only unskilled jobs, "the ALJ, in effect, became a vocational expert[,] . . . [w]hether plaintiff's moderate impairment in the area of concentration, persistence and pace [eroded the occupational base was a determination for a vocational expert.]"). Therefore, the court finds that because the ALJ did not obtain testimony from a VE, it is unable to conclude that the ALJ's finding of no

---

[6] *But see White v. Colvin, No.* 2:12-02990-JMC-BHH, 2013 WL 8181483, at *6 (D.S.C. Oct. 31, 2013), *report and recommendation adopted in part, rejected in part,* No. 2:12-CV-02990-JMC, 2014 WL 1320235 (D.S.C. Mar. 31, 2014) ("[a] number of decisions have expressly found that such a determination [of moderate difficulties in concentration, persistence or pace] at step three prohibits reliance on the grids where others have not."); *Haselden v. Astrue*, No. CA 9:10-545-CMC-BM, 2011 WL 2036457, at *3 (D.S.C. May 23, 2011) (the court agreed that it was error for the magistrate judge to conclude that the ALJ was precluded from relying on the Grids because of the moderate limitations the ALJ found in the step three analysis. However, the action was remanded because the ALJ failed to adequately explain his findings regarding the effect that the plaintiff's non-exertional impairments had on the plaintiff's occupational base.)

5

disability is supported by substantial evidence.

## V.  CONCLUSION

For the reasons stated above, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 17).  The court **REVERSES** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDS** this action to the Commissioner for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 29, 2018
Columbia, South Carolina